## SMITH v. TUCKER. (No. 2664.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1923.)

Appeal and error �találkozó1050(1)—Brokers ⟜85 (1)—Evidence as to conversation and transaction immaterial and not bearing on alleged contract between broker and purchaser held inadmissible and prejudicial.

In an action for commissions for procuring J. D. I. as a purchaser for defendant's land, evidence as to a conversation and transaction with Jim I. which was immaterial and had no bearing on the alleged contract made by plaintiff between defendant and the purchaser, which was the only disputed point between the parties, was inadmissible, and its admission requires a reversal of a judgment for defendant.

Appeal from Red River County Court; R. J. Williams, Judge.

Action by Joe F. Smith against J. T. Tucker. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Prentice Wilson, of Clarksville, for appellant.

A. L. Robbins, of Clarksville, for appellee.

LEVY, J. The appellee listed with the appellant, a real estate agent, a tract of land to be sold for $20 an acre, and agreed to pay the appellant as commissions for the sale 5 per cent. of the selling price of the land. The appellant sued the appellee for the commissions alleged to be owing, claiming that he had procured a purchaser in the person of J. D. Isbell for the land listed to be sold on terms satisfactory and agreed to by the parties. The appellee pleaded the statute of two years' limitation in bar of the suit, and also pleaded a general denial and a failure on the part of the appellant to find a purchaser on the terms authorized.

The court submitted the case to a jury on special issues, and they made answers in substance as follows: That the appellee listed his land with appellant for sale at the price of $20 an acre and agreed to pay appellant in cash 5 per cent. of the purchase price as commissions; that appellant procured a proposed purchaser in J. D. Isbell, but that such purchaser "was not ready, able and willing to comply with the contract of sale." A judgment was rendered on the verdict in favor of the appellee.

The appellant challenges (1) the sufficiency of the evidence to support the jury finding that the proposed purchaser was not willing and able to comply with the contract of sale, (2) the refusal of the court to submit certain special questions requested, and (3) the ruling of the court admitting certain evidence.

According to the appellant's bill of exception No. 1, upon which the assignment of error is predicated, the evidence relating to a conversation and transaction with Jim Isbell was immaterial and had no bearing upon the alleged contract made by appellant between appellee and J. D. Isbell, the proposed purchaser of the land, and therefore was inadmissible. This error, it is concluded, is of such nature as to require a reversal of the judgment.

As the other assigned errors may not arise upon another trial, it is not deemed necessary to pass upon them in this appeal. However, it is observed that according to the evi-

dence there appears no dispute that the appellee listed land for sale at $20 an acre, and agreed to pay the appellant in cash 5 per cent. of the selling price of the land as commission, and that the appellant found a purchaser in the person of J. D. Isbell. It appears from the appellant's evidence that J. D. Isbell agreed to take the land at the price listed if the appellee would have it surveyed before the deed and purchase price passed. The appellant, as he says, informed the appellee of J. D. Isbell's agreement to buy the land if it was surveyed; and the appellee agreed to such terms, but afterwards refused to comply with his agreement; and J. D. Isbell then sued appellee in specific performance of agreement. According to appellee's evidence he refused to agree to have the land surveyed, and J. D. Isbell refused to take the land on the terms as listed with appellant, and later appellee agreed to sell and did sell to other parties. This seems to be the only disputed point between the parties. Consequently, under the evidence as it appears, a pivotal question in the case is that of whether or not J. D. Isbell agreed to buy and J. T. Tucker agreed to sell the land on terms satisfactory to both of them. The jury did not pass upon this question.

The judgment is reversed and remanded for another trial.